**WAYNE GREENWALD, P.C.**
*Attorneys for the Debtors-Plaintiffs*
*David Baum and Mireille Baum*
at **475 Park Avenue South - 26th Floor**
**New York, New York 10016**
**212-983-1922**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
In re                                                        Case No.:
                                                             1-14-42585-ess
**DAVID A. BAUM AND MIREILLE BAUM,**         Chapter 11

                **Debtors.**
-------------------------------------------------------------------X
**DAVID A. BAUM AND MIREILLE BAUM,**

                **Plaintiffs.**           Adv No. 1-15-01128-ess

-against-

**NATIONSTAR BANK**

                **Defendant.**
-------------------------------------------------------------------X

## MOTION FOR DEFAULT JUDGMENT

**TO:**     **HON. ELIZABETH S. STONG**
           **UNITED STATES BANKRUPTCY JUDGE**

The Debtors- Plaintiffs, David A. Baum and Mireille Baum (sometimes referred to as the "Baums)", by their attorneys Wayne Greenwald, P.C., represent:

### PRELIMINARY STATEMENT

1.     The Baums ask this Court to enter orders: a:) pursuant to Fed.R.Civ.P. 55(b)(2) made applicable herein by Fed.R.Bankr.P. 7055, granting the

- 1 -

Baums a default judgment against the Defendant, Nationstar Bank (the "Defendant"), for the relief requested in Baums' Complaint against the Defendant; and b.) granting such other and further relief as this Court deems proper (the "Motion").

2. The Motion should be granted because the Defendant defaulted in appearing, answering or other otherwise responding to the Plaintiffs' Complaint agaiast the Defendant.

## BACKGROUND

### This Case

3. The Debtors filed their voluntary petition for relief under chapter 7 of the Bankruptcy Code on May 21, 2014.

4. On July 14, 2014, this case was converted to a case under chapter 11 of the Bankruptcy Code.

5. The Debtors have been continued in the possession of their property and operation of their business as debtors in possession, pursuant to 11 U.S.C. §§ 1108 and 1109.

6. David Baum is an account executive for a mortgage lender.

7. Mireille Baum is special educator.

8. No committee of unsecured creditors has been appointed in this case.

9. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1334 and 157.

10. This matter is a "core proceeding" as that term is defined by 28 U.S.C. § 157.

11. This Motion concerns a public right.

12. The Plaintiffs consent to this Court entering a final order in this action.

13. This district is the appropriate district to consider this Motion, pursuant to 28 U.S.C. §§ 1408 adn 1409.

**This Action**

14. This action commenced on August 31, 2015, by the Plaintiffs filing their Complaint in this action (the "Complaint").

15. The Summons in this action was issued on August 31, 2015.

16. On September 1, 2015, the Summons in this action was issued.

17. On September 1, 2015, the Plaintiffs served the Summons and Complaint on the Defendant, Nationstar Bank.

18. Pursupant to Fed.R.Bankr.P. 7012(a), the Defendant had twenty-one days to serve and file their answer to the Complaint.

19. Twenty-one days from July 31, 2014 is August 21, 2014.

20. The Plaintiffs received no answer or other response to the Complaint from the Defendant.

21. The Court's ECF docket for this adversary proceeding does not show that the Defendant served an answer or any other response to the Complaint authorized by Fed.R.Bankr.P. 7012(a).

22. The Defendant did not request an extension of its time to answer or otherwise respond to the Complaint.

23. The Defendant was not granted an extension of its time to reply or otherwise respond to the Complaint.

24. The Defendant defaulted in answering or responding to the Complaint, or appearing in this action.

25. On October 20, 2014, this Court noted, on the record, the Defendant's default in this action. See ECF entry October 20, 2015.

**Legal Authority**

26. Fed.R.Civ.P. 55(b) provides:

    Entering a Default Judgment.

    (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

    (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against

whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;

(B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

27. The Complaint seeks declarations of rights and a determination of the extent of the Defendant's secured claim.

28. Accordingly, pursuant to Fed.R.Civ.P. 55(b)(2) made applicable herein by Fed.R.Bankr.P. 7055, this Court should grant the Plaintiffs a default judgment in their favor and against the Defendant for the relief sought by the Complaint in this action.

WHEREFORE, the Debtors-Plaintiffs, David A. Baum and Mireille Baum ask this Court to grant this Motion and issue judgment in their favor against the Defendant, Nationstar Bank, as follows:

A.) declaring that Nationstar Bank's Claim[1] filed in the Debtor's case (the "Claim") is a secured claim in a sum not exceeding $800,000;

B.) declaring that the Claim is an unsecured claim to the extent the Claim exceeds $800,000;

---

[1] As that term is defined in the Complaint in this action.

- 6 -

C.)     disallowing the Claim as a secured claim to the extent the Claim exceeds $800,000;

D.)     awarding the Debtors their costs and disbursements in this action.

E.)     granting the Debtors such other and further relief as this Court deems proper.

Dated: New York, New York
        November 13, 2015

    WAYNE GREENWALD, P.C.
*Attorneys for the Debtors- Plaintiffs*
*David Baum and Mireille Baum*
at 475 Park Avenue South - 26th Floor
New York, New York 10016
212-983-1922

By: /s/ Wayne M. Greenwald , Pres
      Wayne M. Greenwald